# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                         Crim. No. 25-3366-JB

JULIAN GUNTHER,

    Defendant.

## UNITED STATES' MOTION FOR A PROTECTIVE ORDER

Pursuant to Federal Rule of Criminal Procedure 16(d)(1), the United States seeks a protective order that restricts the dissemination and disclosure of sensitive law enforcement information. More specifically, the United States seeks an order from this Court prohibiting Defendant Julian Gunther from disseminating materials produced to him in discovery to any third-party, or including in public filings, materials depicting law enforcement officers operating in an undercover capacity, to include: materials disclosing the identity of the undercover law enforcement officer Defendant was communicating with, the undercover law enforcement officer's phone number, and the undercover law enforcement officer's fictitious minor persona.

As grounds therefore, the United States provides:

1. A federal grand jury has charged Defendant in a single-count indictment. Doc. 1. The indictment charges attempted coercion and enticement of a minor, in violation of 18 U.S.C. § 2422(b). *Id.*

2. The investigating agency, the Santa Fe Police Department, utilized undercover law enforcement officers who communicated with Defendant by text message and through email throughout the course of the investigation. The identities of these individuals is detailed in the discovery the United States will be producing to Defendant in the coming days.

1

3. Defendant is entitled to all of the information in the United States' case file that is subject to disclosure under Federal Rule of Criminal Procedure 16 and the Court's discovery order (Doc. 12), including evidence that contains victim-sensitive information. This material is necessary to prepare his defense and to aid the parties' plea negotiations. To that end, the group of individuals with access to this material should be limited to those necessary to prepare his defense, including: Defendant's counsel and his legal team, and any expert witnesses Defendant may consult with or may retain. That said, the United States seeks an order from this Court prohibiting Defendant from disseminating to any third-party outside of this proceeding, or including in public filings, any information that reveals the identity of the undercover law enforcement officer Defendant was communicating with, the undercover law enforcement officer's phone number, and the undercover law enforcement officer's fictitious minor persona.

4. Rule 16(d)(1) provides courts with the ability to issue protective orders: "At any time the court may, for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief." Fed. R. Crim. P. 16(d)(1). In recognition of the United States's interest in protecting ongoing investigations involving undercover law enforcement officers, there is good cause for this Court to enter a protective order requiring defense counsel to: (1) restrict access to the discovery file containing reports, audio/video recordings, photographs, and more depicting the undercover law enforcement officer/s to himself, his legal team, and expert witnesses qualified to provide opinion testimony at trial based on this material; (2) review the sensitive materials with Defendant only under circumstances where no other person will view it and not provide Defendant with a copy of the materials to keep in his possession; (3) refrain from reproducing or otherwise disclosing information revealed in the discovery file under any circumstances except as evidence during the litigation of this matter without an order from the Court; and (4) refrain from including

in public filings materials depicting law enforcement officers operating in an undercover capacity, to include: materials disclosing the identity of the undercover law enforcement officer Defendant was communicating with, the undercover law enforcement officer's phone number, and the undercover law enforcement officer's fictitious minor persona.

5. Defendant's counsel, Mr. Candelaria, does not oppose this Motion.

Respectfully submitted,

RYAN ELLISON
Acting United States Attorney

/s/
JAYMIE L. ROYBAL
Assistant United States Attorney
201 3rd St. NW, Suite 900
Albuquerque, NM 87102
(505) 224-1413

I HEREBY CERTIFY that I filed the foregoing pleading electronically through the CM/ECF system which caused defense counsel, Dennis Candelaria, to be served by electronic means, as reflected on the Notice of Electronic Filing as indicated therein on September 4, 2025.

/s/
Jaymie L. Roybal
Assistant United States Attorney