IN THE DISTRICT COURT OF THE UNITED
STATES FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 25CR3366 JB |
| | ) | |
| JULIAN GUNTHER | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT'S UNOPPOSED MOTION TO CONTINUE TRIAL

Julian Gunther, Defendant, by and through undersigned counsel Dennis J. Candelaria, and moves the court to continue the jury trial currently scheduled for October 7, 2025, and to vacate and reschedule all other deadlines and settings in this matter. In support of this motion, Mr. Gunther states:

1.      Mr. Gunther pleaded not guilty to an indictment on September 2, 2025. Mr. Gunther is charged by indictment with attempted coercion and enticement, pursuant to 18: U.S.C. § 2422(b).

2.      Trial in this matter is currently scheduled for October 7, 2025.

3.      Mr. Gunther is presently facing state charges.  The government, the state district attorney's office, the state public defender's office and defense counsel are working toward a global resolution to Mr. Gunther's case.

4.      On September 16, 2025, Defense Counsel filed a Motion to Dismiss and Disqualify the United States Attorney.  (See Doc. 16)  The government filed its response

1

on September 18, 2025. On September 19, 2025, Chief Judge Kenneth J. Gonzalez filed

an order recusing all judicial officers from hearing motions concerning the disqualification

of Acting U.S. Attorney Ryan Ellison. (See Doc. 26)

5.    This motion is still pending and needs to be resolved before this case can

move forward to trial.

6.    Mr. Gunther respectfully requests a continuance to complete several tasks

that are vital to his defense. Specifically, Mr. Gunther requests an additional sixty (60)

days from the current setting to review discovery and conduct a preliminary investigation.

Additionally, Mr. Gunther requires time to prepare for trial, prepare and file pretrial

motions, and to continue to pursue plea negotiations with the government. Sixty days is

the minimum amount of time that is required to conduct such discussions and set this

matter for a change of plea hearing, if a resolution is reached.

7.    A continuance is necessary for counsel to complete the following tasks:

a.  Receive and review discovery and conduct an investigation.

b.  Continue plea negotiations with the government. If a resolution is not

reached, then additional time will be necessary to prepare pretrial motions,

motions in limine, and prepare for trial.

c.  Research, prepare, and file pretrial motions, including possible motions to

suppress and other motions in limine,

d.  Complete an investigation, including interviewing witnesses, into the

allegations and charges against Mr. Gunther.

8.    Mr. Gunther requests a continuance of the trial no less than 60 days from

the current setting. Counsel believes that length of time to be the minimum that will be

sufficient to complete plea negotiations in this case.

9.      Mr. Gunther's right to the effective assistance of counsel includes

adequate time to prepare for trial. Without that adequate time to prepare for trial, Mr.

Gunther will be denied his right to the effective assistance of counsel. As the Eleventh

Circuit has recognized,

> Implicit in this right to counsel is the notion of adequate
> time for counsel to prepare the defense: "Disposition of a
> request for continuance . . . is made in the discretion of the
> trial judge, the exercise of which will ordinarily not be
> reviewed. But the denial of opportunity for appointed
> counsel to consult with the accused and to prepare his
> defense, could convert the appointment of counsel into a
> sham and nothing more than a formal compliance with the
> Constitution's requirement that an accused be given the
> assistance of counsel. The Constitution's guarantee of
> assistance of counsel cannot be satisfied by mere formal
> appointment."

*United States v. Verderame*, 51 F.3d 249, 252 (11th Cir. 1995) (quoting *Avery v.*

*Alabama*, 308 U.S. 444, 446, 60 S.Ct. 321, 322 (1940).

10.      Mr. Gunther agrees with this continuance and will not be be prejudiced

by this continuance. Additional time will not prejudice Mr. Gunther and will permit him

additional time to prepare and file pretrial motions, to further investigate this case, and to

prepare for trial. Additionally, a continuance will potentially allow him to reach a

favorable resolution with the government. Counsel has discussed with Mr. Gunther his

rights under the Speedy Trial Act and Mr. Gunther understands the need for a continuance

and respectfully requests that the court continue his trial for the sixty days requested by

counsel.

11.    Undersigned counsel affirmatively states that the ends of justice will be served by granting this extension of time in which to file motions and a continuance of the trial. See *United States v. Hernandez-Mejia*, 406 Fed. App'x. 330, 338 (10th Cir. 2011) ("The Speedy Trial Act was intended not only to protect the interests of defendants, but was also 'designed with the public interest firmly in mind.'") (quoting *United States v. Toombs*, 574 F.3d 1262, 1273 (10th Cir. 2009)). A continuance of the deadlines and jury trial in this matter will provide Mr. Gunther time to review the discovery, pursue any investigation, and assess the viability of any defenses. Additionally, a continuance will permit the parties time to discuss a possible negotiated resolution of this matter. Such a negotiated resolution would conserve judicial and prosecutorial resources and could also materially benefit Mr. Gunther by providing him access to a more favorable resolution of this matter. This motion is not predicated upon the congestion of the Court's docket.

12.    Counsel for the government, Assistant U.S. Attorney Jaymie L. Roybal, does not oppose this motion.

WHEREFORE, Mr. Gunther, by and through undersigned counsel, respectfully requests that this Court continue the jury trial and motions deadline as set forth above.

Respectfully submitted,

FEDERAL PUBLIC DEFENDER
111 Lomas NW, Suite 501
Albuquerque, NM 87102
(505) 346-2489

*Electronically filed October 6, 2025*

_____/s/ Dennis J. Candelaria_____

Dennis J. Candelaria
*Attorney for Mr. Gunther*