FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

DEC 11 2025

MITCHELL R. ELFERS
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                         Crim. No. 25-3366-JB

JULIAN GUNTHER,

    Defendant.

## PLEA AGREEMENT

Pursuant to Rule 11(c)(1)(C), Fed. R. Crim. P., the parties notify the Court of the following agreement between the United States Attorney for the District of New Mexico, the Defendant, Julian Gunther, and the Defendant's counsel, Assistant Federal Public Defender Dennis Candelaria.

## REPRESENTATION BY COUNSEL

1.    The Defendant understands the Defendant's right to be represented by an attorney and is so represented. The Defendant has thoroughly reviewed all aspects of this case with the Defendant's attorney and is fully satisfied with that attorney's legal representation.

## RIGHTS OF THE DEFENDANT

2.    The Defendant further understands the Defendant's rights:

    a.    to plead not guilty, or having already so pleaded, to persist in that plea;

    b.    to have a trial by jury; and

    c.    at a trial:

        1)    to confront and cross-examine adverse witnesses,

        2)    to be protected from compelled self-incrimination,

1

3)     to testify and present evidence on the Defendant's own behalf, and

4)     to compel the attendance of witnesses for the defense.

## WAIVER OF RIGHTS AND PLEA OF GUILTY

3. The Defendant agrees to waive these rights and to plead guilty to Count 1 of the indictment, charging a violation of 18 U.S.C. § 2422(b), that being attempted coercion and enticement of a minor.

## SENTENCING

4. The Defendant understands that the minimum and maximum penalty provided by law for this offense is:

    a.     imprisonment for a period of not less than 10 years and up to a term of life;

    b.     a fine not to exceed the greater of $250,000 or twice the pecuniary gain to the Defendant or pecuniary loss to the victim;

    c.     a term of supervised release of not less than 5 years and not more than a term of life to follow any term of imprisonment. (If the Defendant serves a term of imprisonment, is then released on supervised release, and violates the conditions of supervised release, the Defendant's supervised release could be revoked — even on the last day of the term — and the Defendant could then be returned to another period of incarceration and a new term of supervised release.);

    d.     a mandatory special penalty assessment of $100.00, per count, pursuant to 18 U.S.C. § 3013;

  e.  an assessment of $5,000, per count, pursuant to 18 U.S.C. § 3014, to the extent this statute is in effect on the date of sentencing; and

  f.  restitution as may be ordered by the Court.

5. The parties recognize that the federal sentencing guidelines are advisory, and that the Court is required to consider them in determining the sentence it imposes.

6. The parties are aware that the Court will decide whether to accept or reject this plea agreement. The Court may defer its decision as to acceptance or rejection until there has been an opportunity to consider the presentence report. Pursuant to Federal Rule of Criminal Procedure 11(c)(5), if the Court rejects this plea agreement, the defendant shall have the right to withdraw the defendant's plea of guilty.

7. Regardless of any other provision in this agreement, the United States reserves the right to provide to the United States Pretrial Services and Probation Office and to the Court any information the United States believes may be helpful to the Court, including but not limited to information about the recommendations contained in this agreement and any relevant conduct under U.S.S.G. § 1B1.3.

## ELEMENTS OF THE OFFENSE

8. If this matter proceeded to trial, the Defendant understands that the United States would be required to prove, beyond a reasonable doubt, the following elements for violations of the charges listed below:

<u>18 U.S.C. § 2422(b), that being, Attempted Coercion and Enticement of a Minor</u>

  *First*:  The defendant knowingly used a facility or means of interstate or foreign commerce;

  *Second*:  The defendant did knowingly attempt to persuade, induce, entice,

3

|         | or coerce a child under the age of 18 years to engage in sexual activity; |
|---------|---|
| *Third*:  | The defendant believed the individual was less than 18 years of age; |
| *Fourth*: | The defendant could have been charged with a criminal offense for engaging in the sexual activity. |

## DEFENDANT'S ADMISSION OF FACTS

9. By my signature on this plea agreement, I am acknowledging that I am pleading guilty because I am, in fact, guilty of the offense to which I am pleading guilty. I recognize and accept responsibility for my criminal conduct. Moreover, in pleading guilty, I acknowledge that if I chose to go to trial instead of entering this plea, the United States could prove facts sufficient to establish my guilt of the offense to which I am pleading guilty beyond a reasonable doubt, including any facts alleged in the indictment that increase the statutory minimum or maximum penalties. I specifically admit the following facts related to the charges against me, and declare under penalty of perjury that all of these facts are true and correct:

**From on or about May 1, 2025, and continuing to on or about June 12, 2025, I exchanged messages and emails via my Apple iPhone, Gmail account, and TextPlus application with another individual who I did not know at the time was an undercover law enforcement officer with the Santa Fe Police Department. During this time, I believed I was communicating with a child under the age of 18, and I knowingly attempted to persuade, induce, entice, or coerce the minor to engage in sexual activity. This took place in Santa Fe County in the District of New Mexico and elsewhere.**

**I have been informed, and I do not contest, that had the sexual activity taken place, I could have been charged with a criminal offense, including but not limited to: N.M. Stat.**

4

**Ann. § 30-9-11(D) (criminal sexual penetration), N.M. Stat. Ann. § 30-9-13 (criminal sexual contact of a minor), and/or 18 U.S.C. § 2251(a) (production of child pornography). I have been further informed, and I do not contest, that the use of my Apple iPhone and the Internet are facilities and means of interstate and/or foreign commerce.**

10. By signing this agreement, the Defendant admits that there is a factual basis for each element of the crime to which the Defendant is pleading guilty. The Defendant agrees that the Court may rely on any of these facts, as well as facts in the presentence report, to determine the Defendant's sentence, including, but not limited to, the advisory guideline offense level.

## RECOMMENDATIONS

11. The United States and the Defendant recommend as follows:

   a. The Defendant and the United States have made an AGREEMENT pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), that a specific sentence of **15 years imprisonment** is the appropriate disposition in this case. This agreement takes into account the Defendant's acceptance of responsibility, with no further reduction to occur. The remaining components of the Defendant's sentence, including but not limited to any fine or restitution and the length and conditions of supervised release, shall be imposed by the Court after the presentation of evidence and/or argument by the parties.

   b. If the Court accepts the plea agreement, it must inform the Defendant that the agreed upon disposition will be included in the judgment, and the Court is bound by the terms of the plea agreement once the Court accepts the plea agreement.

## DEFENDANT'S ADDITIONAL AGREEMENT

12.     The Defendant understands the Defendant's obligation to provide the United States Pretrial Services and Probation Office with truthful, accurate, and complete information. The Defendant represents that the Defendant has complied with and will continue to comply with this obligation.

13.     The Defendant agrees that any financial records and information provided by the Defendant to the Probation Office, before or after sentencing, may be disclosed to the United States Attorney's Office for use in the collection of any unpaid financial obligation.

14.     Except under circumstances where the Court, acting on its own, rejects this plea agreement, the Defendant agrees that, upon the Defendant's signing of this plea agreement, the facts that the Defendant has admitted under this plea agreement as set forth above, as well as any facts to which the Defendant admits in open court at the Defendant's plea hearing, shall be admissible against the Defendant under Federal Rule of Evidence 801(d)(2)(A) in any subsequent proceeding, including a criminal trial, and the Defendant expressly waives the Defendant's rights under Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410 with regard to the facts the Defendant admits in conjunction with this plea agreement. The Court has not acted on its own if its rejection of the plea agreement occurs after Defendant has expressly or implicitly suggested to the Court a desire or willingness to withdraw his or her plea or not to be bound by the terms of this plea agreement.

15.     By signing this plea agreement, the defendant waives the right to withdraw the defendant's plea of guilty pursuant to Federal Rule of Criminal Procedure 11(d) unless (1) the court rejects the plea agreement pursuant to Federal Rule of Criminal Procedure 11(c)(5) or (2) the

defendant can show a fair and just reason as those terms are used in Rule 11(d)(2)(B) for requesting the withdrawal. Furthermore, defendant understands that if the court rejects the plea agreement, whether or not defendant withdraws the guilty plea, the United States is relieved of any obligation it had under the agreement and defendant shall be subject to prosecution for any federal, state, or local crime(s) which this agreement otherwise anticipated would be dismissed or not prosecuted.

16. The Defendant recognizes that this plea agreement has already conferred a benefit on the Defendant. Consequently, in return for the benefit conferred on the Defendant by entering into this agreement, the Defendant agrees not to seek a downward departure or variance from the specific sentence of **15 years imprisonment** as agreed to by the parties pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure. If the Defendant, in violation of this paragraph, should nevertheless seek a downward departure or variance, including a departure or variance from the guideline Criminal History Category, the United States shall have the right to treat this plea agreement as null and void and to proceed to trial on all charges before the Court.

17. By signing this plea agreement, the Defendant knowingly and voluntarily waives any rights and defenses the Defendant may have under the Excessive Fines Clause of the Eighth Amendment to the United States Constitution to imposition of special or other assessments.

18. The Defendant agrees to plead guilty in the State of New Mexico's Second Judicial District Court to criminal sexual contact in the second degree (Case No. D-202-CR-2025-03432).

## RESTITUTION

19. The parties agree that, as part of the Defendant's sentence, the Court will enter an order of restitution pursuant to 18 U.S.C. § 3663(a)(3), 18 U.S.C. § 3663A(a) and (b), 18 U.S.C. § 3664, 18 U.S.C. § 2248, and 18 U.S.C. § 2259. The defendant agrees to make full restitution to

7

all minor victims of his offenses as to all counts charged, whether or not the defendant enters a plea of guilty to such counts and whether or not such counts are dismissed pursuant to this agreement. Further, the defendant agrees to pay restitution to any of his minor victims, for the entire scope of his criminal conduct, including but not limited to all matters included as relevant conduct. The defendant acknowledges and agrees that this criminal conduct (or relevant conduct) includes any minor victim of any child pornography offenses, charged or uncharged, under Chapter 110, United States Code, and any minor victim of any violation of federal and/or state law committed by the defendant, including any contact sexual offense. Further, pursuant to 18 U.S.C. § 3664(d)(5), the defendant agrees not to oppose bifurcation of the sentencing hearing if the victims' losses are not ascertainable prior to sentencing. The Defendant agrees to pay restitution in the amount of $3,000 for child pornography trafficking offenses, per victim, who may be identified and request restitution prior to sentencing, which is payable to the United States District Court Clerk.

## SEX OFFENDER REGISTRATION AND NOTIFICATION

20.     The Defendant understands that by pleading guilty, the Defendant will be required to register as a sex offender upon the Defendant's release from prison as a condition of supervised release pursuant to 18 U.S.C. § 3583(d). The Defendant also understands that independent of supervised release, the Defendant will be subject to federal and state sex offender registration requirements, and that those requirements may apply throughout the Defendant's life. The Defendant understands that the Defendant shall keep the Defendant's registration current, shall notify the state sex offender registration agency or agencies of any changes to the Defendant's name, place of residence, employment, or student status, or other relevant information within three

business days after such change. The Defendant shall comply with requirements to periodically verify in person the Defendant's sex offender registration information. The Defendant understands that the Defendant will be subject to possible federal and state penalties for failure to comply with any such sex offender registration requirements. If the Defendant resides in New Mexico following release from prison, the Defendant will be subject to the registration requirements of N.M. Stat. Ann. §§ 29-11A-1 to 10. The Defendant further understands that, under 18 U.S.C. § 4042(c), notice will be provided to certain law enforcement agencies upon the Defendant's release from confinement following conviction.

21.     As a condition of supervised release, the Defendant shall initially register with the state sex offender registration in New Mexico, and shall also register with the state sex offender registration agency in any state where the Defendant resides, is employed, works, or is a student, as directed by the Probation Officer. The Defendant shall comply with all requirements of federal and state sex offender registration laws, including the requirements to update the Defendant's registration information. The Defendant shall provide proof of registration to the Probation Officer within 72 hours of release from imprisonment.

## WAIVER OF APPEAL RIGHTS

22.     The Defendant is aware that 28 U.S.C. § 1291 and 18 U.S.C. § 3742 afford a defendant the right to appeal a conviction and the sentence imposed. Acknowledging that, the Defendant knowingly waives the right to appeal the Defendant's conviction(s) and any sentence, including any fine, imposed in conformity with this Fed. R. Crim. P. 11(c)(1)(C) plea agreement, as well as any order of restitution entered by the Court. The Defendant also waives the right to appeal any sentence imposed below or within the Guideline range upon a revocation of supervised

release in this cause number. The Defendant also waives the right to appeal the denial of any motion filed under 18 U.S.C. § 3582(c)(1)(A) where such denial rests in any part upon the court's determination that "extraordinary and compelling reasons" for a sentence reduction are lacking or that a sentence reduction is not warranted under the factors set forth in 18 U.S.C. § 3553(a). In addition, the Defendant agrees to waive any collateral attack to the Defendant's conviction(s) and any sentence, including any fine, pursuant to 28 U.S.C. §§ 2241 or 2255, or any other extraordinary writ, except on the issue of defense counsel's ineffective assistance.

## **GOVERNMENT'S ADDITIONAL AGREEMENT**

23. Provided that the Defendant fulfills the Defendant's obligations as set out above, the United States agrees that:

   a. The United States will not bring additional criminal charges against the Defendant arising out of the facts forming the basis of the present indictment.

   b. The United States agrees that Defendant's term of imprisonment run concurrent to the term of imprisonment imposed in the State of New Mexico's Second Judicial District Court for his conviction of criminal sexual contact in the second degree (Case No. D-202-CR-2025-03432). The parties agree that Defendant will serve his term of imprisonment in the federal Bureau of Prisons.

24. This agreement is limited to the United States Attorney's Office for the District of New Mexico and does not bind any other federal, state, or local agencies or prosecuting authorities.

## VOLUNTARY PLEA

25. The Defendant agrees and represents that this plea of guilty is freely and voluntarily made and is not the result of force, threats, or promises (other than the promises set forth in this agreement and any addenda). The Defendant also represents that the Defendant is pleading guilty because the Defendant is in fact guilty.

## VIOLATION OF PLEA AGREEMENT

26. The Defendant agrees that if the Defendant violates any provision of this agreement, the United States may declare this agreement null and void, and the Defendant will thereafter be subject to prosecution for any criminal violation, including but not limited to any crimes or offenses contained in or related to the charges in this case, as well as perjury, false statement, obstruction of justice, and any other crime committed by the Defendant during this prosecution.

## SPECIAL ASSESSMENT

27. At the time of sentencing, the Defendant will tender to the United States District Court, District of New Mexico, 333 Lomas Blvd. NW, Suite 270, Albuquerque, New Mexico 87102, a money order or certified check payable to the order of the **United States District Court** in the amount of $100.00 in payment of the special penalty assessment described above.

## ADDITIONAL ASSESSMENT

28. Pursuant to 18 U.S.C. § 3014, to the extent this statute is in effect on the date of sentencing, if the Defendant is found to be non-indigent, the Defendant will also tender to the

United States District Court, a money order or certified check payable to the order of the United States District Court in the amount of $5,000, per relevant count of conviction.

## ENTIRETY OF AGREEMENT

29.     This document and any addenda are a complete statement of the agreement in this case and may not be altered unless done so in writing and signed by all parties. This agreement is effective upon signature by the Defendant and an Assistant United States Attorney.

AGREED TO AND SIGNED this 11th day of December, 2025.

> RYAN ELLISON
> Acting United States Attorney
>
> JAYMIE L. ROYBAL
> Assistant United States Attorney
> 201 3rd St. NW, Suite 900
> Albuquerque, NM 87102
> (505) 224-1413

I have carefully discussed every part of this agreement with my client. Further, I have fully advised my client of my client's rights, of possible defenses, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of the relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. In addition, I have explained to my client the elements to each offense to which he is pleading guilty. To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

DENNIS CANDELARIA
Attorney for the Defendant

I have carefully discussed every part of this agreement with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. My attorneys have advised me of my rights, of possible defenses, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of the relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement.

JULIAN GUNTHER
Defendant