IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                      Crim. No. 25-3366-JB

JULIAN GUNTHER,

    Defendant.

**UNITED STATES' SENTENCING MEMORANDUM**

What began as a post on a website dedicated to personal advertisements led to weeks of sexual communications between Defendant and who he believed to be a 12-year-old girl. Unfortunately for Defendant, he was exchanging those thousands of messages with an undercover law enforcement officer.

The United States submits this Sentencing Memorandum in accordance with the parties' Rule 11(c)(1)(C) plea agreement. For the following reasons, the United States requests that the Court accept the plea agreement and impose a term of imprisonment of 15 years. Such a sentence is appropriate under the circumstances of this case, fulfills the sentencing goals laid out in 18 U.S.C. § 3553(a), and is in the public interest.

**I.  THE PRE-SENTENCE REPORT**

The United States Probation Office ("USPO") disclosed the Pre-Sentence Report ("PSR") on February 7, 2026. Doc. 71. The United States does not have any objections to the USPO's calculation of Defendant's advisory sentencing guidelines range, which, based on offense level 27 and criminal history category I, is 70 – 87 months. Likewise, Defendant does not raise any objections to the PSR.

**II.     LEGAL STANDARD**

In imposing a sentence that is sufficient but not greater than necessary, the Court must consider the following factors:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed – (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
> (3) the kinds of sentences available;
> (4) the kinds of sentence and the sentencing range established for – (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines . . .
> (5) any pertinent policy statement;
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
> (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a)(1) – (7).

Because the United States Sentencing Guidelines are advisory, *see e.g., United States v. Booker*, 543 U.S. 220 (2005), the Court may exercise its discretion to vary upward when appropriate. The Tenth Circuit has made clear that "district courts have broad discretion to consider particular facts in fashioning a sentence under 18 U.S.C. § 3553(a), even when those facts are already accounted for in the advisory guidelines range." *See United States v. Barnes*, 890 F.3d 910, 921 (10th Cir. 2018) (internal quotation marks and citations omitted); *see also United States v. Walker*, 74 F.4th 1163 (10th Cir. 2023) (citing *Barnes*, upholding a district court's decision to vary upward to 300 months when advisory guidelines range was 84 to 105 months, and finding the sentence was not arbitrary, capricious, whimsical, or manifestly unreasonable). Utilizing its broad discretion, a district court can broadly consider a defendant's conduct for sentencing purposes, even if such conduct resulted in an acquittal or was not charged at all. *See United States*

*v. Watts*, 519 U.S. 148 (1997); *see also* U.S.S.G. §5K2.21.  It is the government that bears the burden of proving sentencing issues by a preponderance of the evidence.  *See United States v. Orr*, 567 F.3d 610, 614 (10th Cir. 2009).

III.    ARGUMENT

    A. **The nature and circumstances of the offense and the history and characteristics of the defendant**

The nature and circumstances of this offense are straightforward: in May 2025, Defendant created an online post on a website dedicated to personal advertisements.  He falsely claimed that he was 26 years old and looking for "friends with benefits."  He received a response from a person – who he did not know at that time was an undercover law enforcement officer – who presented themselves as a 12-year-old girl.  Believing that he was communicating with a minor female only appeared to incentivize him further.

The text messages reveal that Defendant took every opportunity to turn the conversation in a sexual direction.  At one point, he claimed that he didn't "wanna be a creep" and apologized before quickly saying that he was intentionally making sexual innuendos towards the purported minor.  The messages escalated to Defendant graphically discussing the sexual acts he intended to engage in with the purported minor, sending nude imagery depicting himself, and requesting imagery that he wanted to received from the purported minor.  When confronted by law enforcement and post-*Miranda*, Defendant provided a full admission, even going so far as to write a letter apologizing to the fictitious minor's parent.

At the time of these events, Defendant was employed as a middle school teacher at a charter school in Albuquerque.  A forensic examination of his cell phone revealed concerning conversations with other minor females (though not sexual) and internet activity that revealed a

sexual interest in minors. He also lived with a 4-year-old minor. During a search of his home, law enforcement discovered sex toys within that toddler's bedroom.

The nature and circumstances of this offense, along with Defendant's history and characteristics, weigh in favor of the parties' requested sentence.

### B. The need for the sentence to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence, to protect the public from further crimes of the defendant

A sexual crime represents one of the greatest and long-lasting harms one person can commit against another. Here, thanks to the undercover law enforcement officer, Defendant was unable to perpetuate that intended harm against a real minor. A sentence of 15 years is appropriate under these particular circumstances and will fulfill numerous sentencing goals, including: reflecting the seriousness of the offense, promoting respect for the law, providing just punishment, affording adequate deterrence, and most importantly protecting real minors in the community at large from Defendant's further crimes.

A sentence of 15 years' imprisonment would not offend the community at large, based on the facts of this case. The Court may rest assured that imposing a sentence of 15 years would be in line with promoting respect for the law. Such a sentence will also send a strong message to the community that those who engage minors online and then seek to coerce them into sending sexual imagery of themselves will be punished harshly.

### C. The kinds of sentences available, the sentencing range established for this defendant, and the need to avoid sentencing disparities

A violation of 18 U.S.C. § 2422(b) carries a mandatory minimum penalty of 10 years imprisonment up to life. The PSR indicates that his advisory guidelines range, based on offense level 27 and criminal history category I, is therefore 70 – 87 months. Available data from the United States Sentencing Commission reveals that upward variances are not imposed often, but

4

that should not deter the Court from imposing one in this case.

## IV. REQUEST FOR UPWARD VARIANCE OR UPWARD DEPARTURE

A 15-year sentence will effectively represent an upward variance in this case. Under these circumstances, this result is warranted. More specifically, these events revealed that Defendant was living with a 4-year-old minor who made disclosures about sexual abuse during a forensic interview. As a result, the State of New Mexico's Second Judicial District charged Defendant with criminal sexual penetration in the first degree. Between the state and federal offenses, Defendant was facing a minimum of 28 years in custody. This plea agreement reflects a joint agreement between the two jurisdictions: Defendant will plead guilty to attempted coercion and enticement of a minor in the District of New Mexico and he will plead guilty to criminal sexual contact of a minor (under age 13) in the second degree in the State of New Mexico in exchange for a 15-year term of imprisonment. Such a result is in the interest of justice in both jurisdictions.

## V. CONCLUSION

For these reasons, the United States requests that the Court sentence Defendant to a term of imprisonment of 15 years.

Respectfully submitted,

TODD BLANCHE
Deputy Attorney General

RYAN ELLISON
First Assistant United States Attorney

/s/
JAYMIE L. ROYBAL
Assistant United States Attorney
201 3rd St. NW, Suite 900
Albuquerque, NM 87102
(505) 224-1413

I HEREBY CERTIFY that I filed the foregoing pleading electronically through the CM/ECF system which caused defense counsel, Dennis Candelaria, to be served by electronic means, as reflected on the Notice of Electronic Filing as indicated therein on March 10, 2026.

/s/
_____
Jaymie L. Roybal
Assistant United States Attorney